DAVID AUCLAIR *et ux vs.* E. J. MAURICE.

FEBRUARY 19, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.    This is an action of trespass and ejectment which was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiffs.  The case is before us on defendant's exceptions to the denial of his motion for a new trial and to other rulings made by the trial justice during the trial.

We have examined these exceptions and, excluding the exception to the admission in evidence of the notice to quit, we find them all to be without merit.  Before the plaintiffs could prevail in the instant case it was necessary for them to establish by legal evidence that a notice to quit the premises was given the defendant in accordance with the statute. Such a notice in writing with the return of service by a constable endorsed thereon was admitted in evidence, over defendant's objection, without any testimony from the officer that the notice had in fact been served on the defendant. This notice was offered and admitted in evidence, apparently in the belief that the officer's return thereon was the same as an officer's return on a writ or other process which speaks for itself and ordinarily cannot be contradicted.

The plaintiffs here were bound to prove that the notice required by the statute was given to the defendant.  For such proof they relied entirely on the mere return of the officer on the notice to quit without any testimony from him as to the fact of its service on the defendant.  This was error, unless there was other competent evidence in the record to make such proof unnecessary or merely cumulative.  We have searched the transcript for any evidence that the notice had been served but have found none.  In this situation the admission of the notice to quit as an exhibit, without competent proof of its service, was prejudicial error.

352

The defendant's exception to the admission in evidence of the notice to quit is therefore sustained on the sole ground herein mentioned; all of his other exceptions are overruled; and the case is remitted to the superior court for a new trial.

*Joseph Janas,* for plaintiffs.

*George Triedman, John M. Booth,* for defendant.